IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00797-BNB

NEIL C. HARMON,

    Plaintiff,

v.

GARY WATKINS, Warden FCF,
ROBERT ALLEN, Assoc. Warden FCF, and
LISA LEHN, Hearings Officer FCF,

    Defendants.



FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 1 5 2007

GREGORY C. LANGHAM
CLERK

---

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff, Neil C. Herman, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Huerfano County Correctional Center at Walsenburg, Colorado.  Mr. Herman initiated this action by filing a *pro se* Prisoner Complaint alleging that his constitutional rights have been violated.  He asks for injunctive and declaratory relief and money damages.

    The Court must construe the Complaint liberally because Plaintiff is a *pro se* litigant.  **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as a *pro se* litigant's advocate.  **See Hall**, 935 F.2d at 1110.  For the reasons stated below, Mr. Herman will be ordered to file an Amended Complaint and name proper parties to the action.

    The Court has reviewed the Complaint and finds that it is deficient.  Plaintiff must

assert personal participation by each named defendant. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Herman must name and show how the DOC employees caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). Although Plaintiff identifies individuals in the caption of the Complaint, he does not assert what each of the individuals have done to violate his constitutional rights. Accordingly, it is

ORDERED that Mr. Herman file **within thirty days from the date of this Order** an Amended Complaint which is in keeping with the instant Order and names the proper parties to the action. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Herman, together with a copy of this Order, two copies of a Court-approved Prisoner Complaint form to be used in submitting the Amended Complaint. It is

FURTHER ORDERED that, if Mr. Herman fails within the time allowed to file an original and sufficient copies of an Amended Complaint that complies with this Order, to the Court's satisfaction, the action will be dismissed without further notice.

DATED May 15, 2007, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.  07-cv-00797-BNB

Neil C. Harmon
Prisoner No. 117417
Fremont Correctional Facility
PO Box 999 - 6U
Cañon City, CO 81215- 0999

     I hereby certify that I have mailed a copy of the **ORDER and two copies of Prisoner Complaint** to the above-named individuals on _5/16/07_

GREGORY C. LANGHAM, CLERK

By:_____

Deputy Clerk